Argued June 27, affirmed October 16, reconsideration denied
November 16, 1978, petition for review denied January 16, 1979

In the Matter of Bottoms, Edward R. a Minor Child.
STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent,*
*v.*
BOTTOMS, a Minor Child, *Appellant.*
(No. 43,646-A, CA 10227)
585 P2d 47

Alan Baily, Juvenile Law Center, Portland, argued the cause and filed the brief for appellant.

Kathleen A. Dodds, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Johnson, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

This is an appeal from an order revoking a juvenile's probation and committing him to the Mac-Laren School for Boys.

The issue is whether a juvenile's probation may be revoked, thereby committing him to an institution, where the juvenile received no written notice that the probation review hearing would be on the question of probation revocation.

On July 22, 1977, the juvenile admitted to a charge of assault in the third degree and was made a ward of the court. He was placed on probation for one year and was also required to make restitution of $22.50 within 60 days and to perform 50 hours of community service work within 180 days, in addition to the "usual conditions of formal probation." The probation was set for review on January 11, 1978.

In December, 1977, the juvenile was again before the court and admitted committing criminal mischief in the third degree. At the scheduled January probation review, the court determined that the conditions of probation had not been complied with and consequently revoked the juvenile's probation and committed him to the MacLaren School for Boys.

The juvenile claims that it is improper to revoke his probation in a review hearing when the juvenile had not received notice that his liberty was in jeopardy. ORS 419.529(2) provides:

> "(2) Except as provided in subsection (3) of this section, *notice and a hearing* as provided in ORS 419.486 to 419.505 shall be granted in any case *where the effect of modifying or setting aside the order will or may be* to deprive a parent of the legal custody of the child, *to place the child in an institution* or agency or to transfer the child from one institution or agency to another. \* \* \*" (Emphasis supplied.)

In view of this statute, it was error not to give the required notice; however, the child claims no prejudice and we find none.

Affirmed.